IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Ruben Joe Cruz, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER ON MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:23-cv-062 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:20-cr-150(1) |
| Ruben Joe Cruz, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Ruben Joe Cruz moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 101. The United States opposes the motion. Doc. 103. After careful review of the entire record, the motion is denied.

**I.    BACKGROUND**

On March 31, 2021, Cruz appeared with counsel for a change of plea hearing. Doc. 66. At the hearing, Cruz pleaded guilty to five counts: (1) conspiracy to possess with intent to distribute and distribute a controlled substance; (2) possession with intent to distribute a controlled substance; (3) use of a firearm during and in relation to a drug trafficking crime; (4) possession of a firearm by a convicted felon; and (5) illegal receipt of a firearm by a person under indictment. Doc. 93 at 22. Cruz did not object to the following factual basis for his pleas:

This particular case started on or about March 6, 2020 in the District of South Dakota. The state patrol there stopped a vehicle driven by Ruben Cruz. During that traffic stop the trooper searched the vehicle and found 607.25 grams of a mixture of methamphetamine that was in possession of the defendant. That would be a quantity that would be held for sale based on the quantity alone.

On or about July 20th of 2020, the District of South Dakota presented the case to a grand jury who returned an Indictment. A federal arrest warrant issued shortly thereafter. As that case was pending in South Dakota, the marshals in South Dakota obviously became aware of that warrant. At some point somebody, either the marshals or FBI who was the adopting agency, contacted law enforcement in Minot and the Bottineau area.

Long story short, Judge, the defendant became aware that federal authorities were looking for him. Between the date of the Indictment, the warrant being issued, and the night of the shooting, not only was the defendant aware of it but some of his associates were aware of that particular warrant. So it was no secret to the group of people he was associating with that there was this federal warrant and he was wanted by law enforcement and they took certain steps to help him avoid detection.

On or about August 14, 2020, the defendant was at a residence in Grafton. The address was – I believe it was 702 Summit Avenue in Grafton. No. Yeah, I think that's right. I might have the address wrong but it's a residence in Grafton where he was located. Law enforcement received information that he was currently at that location on or about August 14th. They approached the residence in the early morning hours and Mr. Cruz became alerted somehow that law enforcement was outside.

He changed into all black according to one witness and exited the residence and ran around the side of the residence to -- around a neighboring house. Officer Campoverde identified himself as law enforcement, police, and Ruben Cruz shot Officer Campoverde two times hitting him two times. Officer Campoverde went down. Officer Jones, who was assisting Officer Campoverde in trying to arrest Ruben Cruz, returned fire hitting Ruben Cruz two times and Mr. Cruz fell to the ground and was arrested at that time.

Found in the possession of Mr. Cruz was approximately 132.41 grams of a mixture containing methamphetamine. Judge, that would be about 4.7 ounces, again an amount that would be indicative of methamphetamine that would be held for sale. On his person or near where he fell to the ground was $2,288 in cash, which is the money subject to forfeiture that you referenced.

From that evening law enforcement continued their investigation. They identified the defendant's nephew, Gilbert Garcia, as somebody potentially involved with Ruben Cruz in this particular conspiracy and executed a search warrant on August 17th of 2020 at Gilbert's residence there in Grafton. They found

approximately 76.36 grams of a mixture containing methamphetamine. Mr. Garcia indicated that he in fact was involved in a conspiracy to distribute methamphetamine with Ruben Cruz and over the past year, the dates alleged in the Indictment, he received approximately three pounds of methamphetamine over the course of that year in varying quantities from Mr. Cruz.

The firearm that was used to shoot Officer Campoverde is listed in the Indictment, a Ruger 9mm. The serial number is referenced 382-20919. At the time of the shooting and when Ruben Cruz possessed this firearm he was prohibited from possessing firearms under federal law and the convictions that support that are listed in the Indictment, Judge. I won't go through those but the defendant was prohibited under federal law. This particular firearm was determined to travel in interstate commerce. As the Court may be aware, there are no firearms, at least by manufacturers, I would say standard manufacturers, manufactured in the state of North Dakota.

As it relates to Count Five then, the final count, as I mentioned earlier, Judge, the defendant was well aware that he was under Indictment; that law enforcement was looking for him and he possessed a firearm again that traveled in interstate commerce.

Id. at 23-26.

At sentencing, consistent with the parties' plea agreement, the United States recommended a sentence of 360 months. Doc. 94 at 14-19. Cruz's counsel recommended a sentence of 271 months. Id. at 19-28. Prior to imposing sentence, the Court discussed the sentencing factors in 18 U.S.C. § 3533(a) and explained their application to Cruz. Id. at 33-39. The Court then sentenced Cruz to 300 months' imprisonment on counts one and two, 120 months on count four, and 60 months on count five, all to run concurrently; the mandatory 10-year consecutive sentence was imposed on count three. Id. at 39-40. So, the Cruz's total sentence was 420 months' imprisonment.

Cruz appealed and argued his sentence was not substantively reasonable. See United States v. Cruz, 38 F.4th 729, 731 (8th Cir. 2022). The Eighth Circuit affirmed the sentence. Id. He now moves to vacate, set aside, or correct his sentence on two grounds: (1) his due process rights were violated by his sentence, and (2) his counsel was ineffective for not raising the same due process argument at sentencing or on appeal.

3

II.     **LEGAL STANDARD**

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

Cruz bases his motion, in part, on an alleged violation of his Sixth Amendment right to effective assistance of counsel. To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (citing Strickland, 466 U.S. at 495). Where a petitioner raises multiple ineffective assistance of counsel claims, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

The court may dismiss a Section 2255 motion without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

## III.    DISCUSSION

Cruz appears to argue that his above-guideline sentence violated his due process rights and that his counsel was ineffective for not objecting to the sentence or appealing the sentence on the same due process grounds.

### A.    Due Process

Cruz argues his 420-month sentence "serves to significantly violate [his] Fifth Amendment right to Due Process by way of its excessive nature." Doc. 101 at 4. He seems to assert that he should have been sentenced within the sentencing guideline range, and the Court should disregard the aggravating factors it cited in support of the upward variance. Id. at 5-6. To some degree, Cruz's motion can be read as an argument that his sentence was substantively unreasonable. That issue is procedural defaulted though, as it was challenged on direct appeal and affirmed. See Cruz, 38 F.4th at 733 (rejecting Cruz's argument that his sentence was substantively unreasonable). But Cruz's appeal did not directly address due process of law argument he raises now.

In United States v. Isler, the Eighth Circuit rejected an argument that a sentence greater than the sentencing guideline range violated a defendant's right to due process. 983 F.3d 335 (8th Cir. 2020). In Isler, because the district court calculated the sentencing guideline range correctly, and adequately explained its decision to deviate from that range, there was no due process violation. Id. at 341-43. Here, the situation is similar. Cruz has not argued that his sentencing guideline range was calculated incorrectly, and the Court adequately explained its reasoning for the upward variance. See Doc. 94 at 35-39. Given that, Isler controls, and Cruz's sentence did not violate his right to due process. As a result, his due process claim fails.

**B.    Ineffective Assistance**

Cruz next argues his counsel was ineffective for failing to object on his sentence on due process grounds at sentencing and on appeal. Doc. 101 at 6. As discussed above, however, that claim has no merit, and counsel is not ineffective for failing to make a meritless claim. See Thomas v. United States, 951 F.2d 902, 904-05 (8th Cir. 1991) (failure to raise a meritless issue does not constitute ineffective assistance). Beyond that, Cruz's counsel did object on reasonableness grounds at sentencing (Doc. 94 at 41) and raised the issue again on appeal (Cruz, 38 F.4th at 731). His counsel's choice to pursue the issue through a reasonableness argument is strategic in nature and is virtually unchallengeable as ineffective assistance of counsel. See Orr, 636 F.3d at 950. As a result, this claim also fails.

**C.    Evidentiary Hearing**

Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." No hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of the file and all of Cruz's substantive § 2255 claims, the record decisively refutes each claim presented. So, dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

## IV. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Cruz's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 101) is **DENIED**. This matter is **DISMISSED** without an evidentiary hearing.

The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based on the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. So, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Cruz desires further review of his motion, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 14th day of December, 2023

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court
